UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY PENA,

                    Plaintiff,

          -against-                                        1:25-CV-7506 (LTS)

NEW YORK CITY DEPARTMENT OF                                        ORDER
HOMELESS SERVICES, et al.,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who appears *pro se*, consented to electronic service of court documents when he initiated this civil action. (ECF 4.) By order dated September 12, 2025, the Court directed Plaintiff, within 30 days, to submit a signed signature page for his *in forma pauperis* ("IFP") application, submit another IFP application, or pay the $405 in fees to bring this civil action. (ECF 6.) By order dated November 18, 2025, and entered on November 19, 2025, and by judgment dated and entered on November 20, 2025, the Court dismissed this action without prejudice due to Plaintiff's failure to comply with the Court's September 12, 2025 order. (ECF 7 & 8.)

          On November 17, 2025, before the Court dismissed this action, Plaintiff submitted a signed signature page for his IFP application. (ECF 9.) This submission was not entered by the Clerk of Court, however, until November 20, 2025 (*see id.*), after the Court had already dismissed this action.

          On December 10, 2025, Plaintiff filed a letter seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure "and [under] the Court's inherent authority." (ECF 10, at 1.) In his letter, Plaintiff requests that the Court reopen this action, claiming, even though he had previously consented to electronic service of court documents, that he "wasn't made aware that

the [IFP application] signature page hadn't been signed until [he] personally visited the [c]ourt on November 17, 2025[,] and supplied the fully executed signature page to cure the omission." (*Id.*) He states that "[t]he dismissal of this action on November 18, 2025[,] was the result of a clerical and procedural timing issue rather than any failure to comply with [c]ourt requirements." (*Id.*)

On January 6, 2026, Plaintiff filed another *pro se* action in this court. *See Pena v. Inst. for Cmty. Living*, 1:26-CV-0176 (JMF). The complaint commencing that action asserts claims that are similar, if not, the same as the claims that Plaintiff raised in the complaint commencing this now-closed action.[1]

Thus, because this action was closed when Plaintiff filed *Pena*, 1:26-CV-0176 (JMF), and as he is again asserting, in that pending action, the claims that he had raised in this now-closed action, reopening this closed action would serve no purpose. Accordingly, the Court denies Plaintiff's request to reopen this action as moot. This action remains closed.

---

[1] By memorandum and order in *Pena*, 1:26-CV-0176 (JMF), dated January 19, 2026, District Judge Jesse M. Furman dismissed Plaintiff's claims against the New York City Department of Homeless Services; directed the Clerk of Court to add the City of New York as a defendant in that action under Rule 21 of the Federal Rules of Civil Procedure; directed the United States Department of Justice to identify and provide a service address for Defendant Karen Fuller, an alleged former employee of the United States Department of Veterans Affairs; and directed the Clerk of Court to issue a summons for the City of New York. *Pena*, ECF 1:26-CV-0176, 7 (S.D.N.Y. Jan.19, 2026).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 2, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3